Filed
2/16/2016 1:40:38 PM
Ruby Garcia, District Clerk
Refugio County, Texas
Sylvia Lopez, Deputy

CAUSE NO. 2016-02-12215

| | |
|---|---|
| ANNA M. DIAZ | IN THE DISTRICT COURT |
| VS. | 267th JUDICIAL DISTRICT |
| POLMAX, LLC AND MARIUSZ B. PRYSZCZ | REFUGIO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION (WITH DISCOVERY)

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Anna M. Diaz files this Plaintiff's Original Petition, complaining of Defendants Polmax, LLC and Mariusz B. Pryszcz. For cause of action, Plaintiff would show the Honorable Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery pursuant to a level three discovery control plan.

### II.

### PARTIES

Plaintiff Anna M. Diaz is an individual residing in Texas.

Defendant Mariusz B. Pryszcz resides in Palm Beach County, Florida. Because Mr. Pryszcz is a non-resident motorist, pursuant to Tex. Civ. Prac. & Rem. Code § 17.061 et seq., he may be served by delivering process to the Chair of the Texas Transportation Commission, Tryon D. Lewis, at 125 E. 11th Street, Austin, Texas 78701-2483 who may then forward process to 5158 Elpine Way, West Palm Beach, FL 33418.

Defendant Polmax, LLC is an Illinois limited liability company doing business in Texas and may be served through its registered agent for service of process John C. Sims at A+ Agents of Process, Inc., 1205 Broadway, Lubbock, TX 79408.


EXHIBIT A

## III.

## VENUE

Venue is proper in Refugio County because all or a substantial part of the events or omissions giving rise to this claim occurred in the county. Texas Civ. Prac. & Rem. Code § 15.002(a)(1)

## IV.

## FACTS

Defendant Polmax, LLC is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration. Defendant hired, qualified, and retained Mariusz B. Pryszcz as a truck driver. At all times relevant to this lawsuit, Defendant Mariusz B. Pryszcz was acting in the course and scope of his actual and/or statutory employment with Defendant Polmax, LLC

On or about February 14, 2015, Anna M. Diaz was involved in a collision with Defendants' vehicle in Refugio, Texas. Defendant Mariusz B. Pryszcz made an improper lane change and collided with Plaintiff's vehicle. As a result of this collision, Plaintiff sustained substantial personal injuries.

## V.

## CAUSE OF ACTION

Defendant Mariusz B. Pryszcz was negligent in the operation of the tractor-trailer. Specifically, Defendant Mariusz B. Pryszcz made an unsafe lane change, was not paying attention, and collided with Plaintiff's vehicle. As a direct and proximate result of this negligence, Plaintiff sustained personal injuries. Defendant Polmax, LLC is vicariously liable for the negligence of Defendant Mariusz B. Pryszcz under the statutory employment doctrine as well as the doctrine of respondeat superior.

Based on the facts of this wreck, it appears that Defendant Mariusz B. Pryszcz may have been fatigued or driving in violation of the hours-of-service regulations. It further appears that Defendant Polmax, LLC may have been negligent in its entrustment of a tractor-trailer to Defendant Mariusz B. Pryszcz, and in the qualification, hiring, training, supervision, and retention of Defendant Mariusz B. Pryszcz.

## VI.

## DAMAGES

Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendants' negligence:

1. Medical care, past and future;
2. Lost wages and earning capacity, past and future;
3. Physical impairment, past and future;
4. Physical pain, emotional distress, and mental anguish, past and future; and
5. Disfigurement, past and future.

Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs. Plaintiff's damages exceed the Court's jurisdictional minimum and exceed $75,001.00. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of over $1,000,000.00.

## VII.

## REQUEST FOR DISCLOSURE

Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## VIII.

## INTERROGATORIES TO DEFENDANT MARIUSZ B. PRYSZCZ

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant Mariusz B. Pryszcz. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

Interrogatory 1. Please state how you contend the collision in question occurred.
RESPONSE:

Interrogatory 2. Please state the positions held, general job descriptions, and lengths of employment of Mariusz B. Pryszcz at the time of the collision in question.
RESPONSE:

Interrogatory 3. Please state the full extent of any training, education, or experience concerning driving techniques or principles Mariusz B. Pryszcz has received.

RESPONSE:

Interrogatory 4. Was Mariusz B. Pryszcz acting in the course and scope of his employment with Polmax, LLC at the time of the collision made the basis of this lawsuit? If you are contending that Mariusz B. Pryszcz was not acting in the course and scope of employment for Polmax, LLC at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 5. If the vehicle driven by Mariusz B. Pryszcz that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 6. Please list all traffic accidents in which Mariusz B. Pryszcz has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 7. Please give a description of all traffic violations for which Mariusz B. Pryszcz has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 8 With respect to collisions or accidents involving one of Polmax, LLC's vehicles and/or a driver employed by you or under contract with Polmax, LLC, please state:

a. When the driver is required to make a report and to whom;
b. A description of any written report required to be made by any person with Polmax, LLC and/or the driver;
c. Where and in whose custody such reports are kept;
d. When a driver must submit for a drug test by giving a urine sample; and
e. When such report must be reported to the federal government.

RESPONSE:

Interrogatory 9. Did Mariusz B. Pryszcz receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Mariusz B. Pryszcz paid the ticket, did Mariusz B. Pryszcz plead guilty? What court did Mariusz B. Pryszcz have to appear in or call to resolve the citation or ticket?

RESPONSE:

Interrogatory 10. Do you contend that someone other than Mariusz B. Pryszcz (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 11: Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

RESPONSE:

Interrogatory 12: What does Polmax, LLC do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If Polmax, LLC uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13: Does Polmax, LLC use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

Interrogatory 14: For any cell phone used by or issued to Mariusz B. Pryszcz during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell phone number.

RESPONSE:

## IX.

## INTERROGATORIES TO DEFENDANT POLMAX, LLC

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant Polmax, LLC. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement its responses to these Interrogatories as provided for by the Rules.

Interrogatory 1. Please state how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2. Please state the positions held, general job descriptions, and lengths of employment of Mariusz B. Pryszcz at the time of the collision in question.

RESPONSE:

Interrogatory 3. Please state the full extent of any training, education, or experience concerning driving techniques or principles Mariusz B. Pryszcz has received.

RESPONSE:

Interrogatory 4. Was Mariusz B. Pryszcz acting in the course and scope of his employment with Polmax, LLC at the time of the collision made the basis of this lawsuit? If you are contending that Mariusz B. Pryszcz was not acting in the course and scope of employment for Polmax, LLC at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 5.   If the vehicle driven by Mariusz B. Pryszcz that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 6.   Please list all traffic accidents in which Mariusz B. Pryszcz has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 7.   Please give a description of all traffic violations for which Mariusz B. Pryszcz has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 8   With respect to collisions or accidents involving one of Polmax, LLC's vehicles and/or a driver employed by you or under contract with Polmax, LLC, please state:

a.  When the driver is required to make a report and to whom;
b.  A description of any written report required to be made by any person with Polmax, LLC and/or the driver;
c.  Where and in whose custody such reports are kept;
d.  When a driver must submit for a drug test by giving a urine sample; and
e.  When such report must be reported to the federal government.

RESPONSE:

Interrogatory 9.   Did Mariusz B. Pryszcz receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Mariusz B. Pryszcz paid the ticket, did Mariusz B. Pryszcz plead guilty? What court did Mariusz B. Pryszcz have to appear in or call to resolve the citation or ticket?

RESPONSE:

Interrogatory 10.   Do you contend that someone other than Mariusz B. Pryszcz (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 11.   Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

RESPONSE:

Interrogatory 12:   What does Polmax, LLC do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If Polmax, LLC uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13: Does Polmax, LLC use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

Interrogatory 14: For any cell phone used by or issued to Mariusz B. Pryszcz during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell phone number.

RESPONSE:

X.

# REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that, within the time prescribed by law, Defendants Mariusz B. Pryszcz and Polmax, LLC produce and permit Plaintiff to inspect and copy the documents and things described in the requests below, and as instructed below. Plaintiff requests that Defendants produce the documents at the office of The Cowen Law Group, 62 E. Price Road, Brownsville, Texas 78521.

1. Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

2. Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

3. Any and all photographs of the scene of the collision in question.

4. Any and all photographs that you intend to use at trial.

5. Any and all photographs, videotapes or other depictions of Plaintiff.

6. Any and all photographs, videotapes or other depictions of Mariusz B. Pryszcz.

7. Any and all witness statements.

8. Any and all statements from Plaintiff.

9. Any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

10. Any and all documents related to Mariusz B. Pryszcz's employment with Polmax, LLC.

11. Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

12. Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Mariusz B. Pryszcz relating to his employment with Polmax, LLC.

13. Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiffs, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

14. Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

15. Any written, taped or mechanically reproduced statement heretofore made of Plaintiff, Defendants, and/or Defendants' agents or employees.

16. Any records or documentation (medical or non-medical) concerning Mariusz B. Pryszcz that would indicate whether Mariusz B. Pryszcz was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

17. Any records or documentation (medical or non-medical) concerning Mariusz B. Pryszcz that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

18. Any records or documentation (medical or non-medical) that would indicate that Mariusz B. Pryszcz was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

19. A photostatic copy of the front and back of Mariusz B. Pryszcz's current driver's license and any commercial license.

20. A copy of any company vehicle use records for the one hundred eighty (180) days preceding and including the date of the collision in question.

21. Any documentation concerning Mariusz B. Pryszcz involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

22. All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Mariusz B. Pryszcz at the time of the collision in question.

23. All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that Mariusz B. Pryszcz was an unsafe driver.

24. All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

25. If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

26. Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

27. Any insurance policies that provide, or may provide, coverage for the collision in question.

28. Any reservation of rights letters or non-waiver agreements.

29. Any cell phone bills that would show whether or not Mariusz B. Pryszcz was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

30. All cell phone bills and records for any cell phone used by Mariusz B. Pryszcz for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

31. Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

32. All expense receipts and reports submitted by Mariusz B. Pryszcz for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

33. All incident reports generated by Mariusz B. Pryszcz or Polmax, LLC regarding the collision at issue in this lawsuit.

34. If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, Mariusz B. Pryszcz drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by Mariusz B. Pryszcz for that time period.

35. Mariusz B. Pryszcz's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

36. Polmax, LLC's complete driver qualification file on Mariusz B. Pryszcz.

37. All personnel files, accident files, and other files and documents that Polmax, LLC maintains or possesses regarding Mariusz B. Pryszcz.

38. All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by Mariusz B. Pryszcz during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

39. All Qualcomm records and data regarding any vehicle operated by Mariusz B. Pryszcz, and any communications to and from Mariusz B. Pryszcz, for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

40. All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by Mariusz B. Pryszcz during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

41. All monthly log summary sheets for Mariusz B. Pryszcz for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

42. All notice of logging violations for Mariusz B. Pryszcz for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

43. The accident register for Polmax, LLC.

44. All safety performance history records regarding Mariusz B. Pryszcz.

45. All driver's vehicle inspection reports completed by Mariusz B. Pryszcz for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

46. All pretrip check lists completed by Mariusz B. Pryszcz for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

47. The vehicle accident kit issued to Mariusz B. Pryszcz.

48. An exemplar blank vehicle accident kit used by Polmax, LLC.

49. All dispatch and trip reports regarding any vehicle operated by Mariusz B. Pryszcz for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

50. All trip cost report envelopes for any vehicle operated by Mariusz B. Pryszcz for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

51. All OmniTRACS data regarding any vehicle operated by Mariusz B. Pryszcz for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

52. Copies of all documents obtained by deposition on written question or subpoena.

53. All documents regarding any audits or examinations performed of Polmax, LLC by any state or federal agency, including but not limited to any state department of transportation, any state department of motor vehicle, the U.S. Department of Transportation, and the Federal Motor Carrier Safety Administration.

## XI.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual damages, together with prejudgment interest, postjudgment interest, and court costs.

Respectfully submitted,

/s/ Malorie Peacock

Michael Cowen
Texas Bar No. 00795306
michael@cmbtrial.com
Malorie Peacock
Texas Bar No. 24077293
malorie@cmbtrial.com
Cowen | Mask | Blanchard
62 E. Price Road
Brownsville, Texas
Telephone: (956) 541-4981
Facsimile: (956) 504-3674
Service Email: fax@cmbtrial.com